UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-33-F

| | | |
|---|---|---|
| KHALID K. KHAN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| CHRIS LEITH CHEVROLET, | ) | |
|     Defendant. | ) | |

This matter is before the court on Defendant Chris Leith Chevrolet's Renewed Motion to Dismiss [DE-18]. The *pro se* Plaintiff has responded, Defendant has replied, and this matter is ripe for disposition.

## I. STATEMENT OF THE CASE

Plaintiff initiated this action by filing an Application to Proceed in District Court Without Prepaying Fees [DE-1] on January 27, 2010. The office of the Clerk of Court noted that Plaintiff submitted an obsolete summons form and addressed the summons to Mr. Howard Tucker, who is not listed as a defendant in this case.

The application to proceed without prepayment of fees was denied by the Order [DE-4] of United States Magistrate Judge William A. Webb on February 2, 2010, and Plaintiff paid the filing fee on February 9, 2010. It appears that the original Complaint was not filed immediately upon the payment of the filing fee because the Clerk of Court determined that an attachment thereto was not in compliance with the E-Government Act. *See* March 9, 2010 Notice of Deficiency. Rather than filing the entire Complaint under seal, or filing the Complaint in the public record with the attachment under seal, the Clerk of Court elected to wait to file the

Complaint until Plaintiff provided a redacted attachment. The Clerk of Court mailed Plaintiff the Notice of Deficiency on March 9, 2010, and on March 12, 2010, Plaintiff filed an Amended Complaint [DE-5] that included a redacted attachment. The Clerk of Court issued summons to Plaintiff on March 12, 2010, despite Plaintiff addressing the summons to Mr. Howard Tucker. On March 16, 2010, Plaintiff filed a document [DE-7] stating that he had received a report from the Equal Employment Opportunity Commission.

Defendant moved to dismiss Plaintiff's claim on April 7, 2010, arguing, *inter alia*, that Plaintiff's attempted service of process failed to comply with Federal Rule of Civil Procedure 4. In an order filed on May 6, 2010 [DE-15], the court denied Defendant's Motion to Dismiss, and ordered that the time for effecting service of process be extended to July 1, 2010. Specifically, the court noted in the order that Plaintiff failed to submit a proper summons to the Clerk of Corut because Plaintiff did not name a defendant that is a party to the action. The court also observed that Plaintiff's attempts to effect service upon Defendant had been ineffectual, in that Plaintiff did not serve a registered agent of Defendant or a person authorized to accept service upon Defendant, and violated Rule 4(c)'s requirement that the person effecting service not be a party to the action. The court directed the Clerk of Court to mail a blank Summons form to Plaintiff.

On May 17, 2010, the Clerk of Court issued a Summons completed by Plaintiff, and addressed to "Kevin J. Delton [sic]," "Attorney for Defendant," at the defense counsel's office address. Plaintiff also filed a Certificate of Service regarding the Summons and the Amended Complaint stating the documents were sent to "Kevin J. Delton [sic]". *See* Certificate of Service [DE-17].

2

On July 9, 2010, Defendant filed a Renewed Motion to Dismiss, arguing that Plaintiff's attempted service of process was deficient. On July 29, 2010, Plaintiff filed a response, stating that he served process on the President and Registered Agent of the Defendant, Michael J. Leith, via United States Certified Mail, Return Receipt Requested on July 27, 2010, twenty-six days past the court's deadline. Defendant filed a Reply, noting that the Summons served on Michael J. Leith was not issued or signed by the Clerk of Court.

## II. ANALYSIS

In the Renewed Motion to Dismiss, Defendant argues that Plaintiff's Amended Complaint should be dismissed pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure for insufficient process, insufficient service of process, and lack of personal jurisdiction.

### A. Legal Standard

A plaintiff bears the burden of showing that the service of process, and the process itself, complies with the requirements set forth in Rule 4 of the Federal Rules of Civil Procedure. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). The Fourth Circuit has counseled that

> [w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Rule 4(b) provides that a plaintiff must present a properly completed summons for each defendant in an action to the clerk, who will then sign, seal, and issue the summonses to plaintiff

3

for service upon each defendant. Rule 4(a) sets forth the requirements for a properly completed summons and specifies that it must be directed to a defendant.

With regard to service of process, Rules 4(e) and (h) of the Federal Rules of Civil Procedure provide that service on a corporation may be made pursuant to the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." North Carolina Rule of Civil Procedure 4(j)(6)(c), in turn, allows for service on a corporation "[b]y mailing a copy of the summons and of the complaint registered or certified mail, return receipt requested, addressed to the officer, director or [authorized] agent." The name and address of the registered agent for a specific corporation are typically on file with a state's Secretary of State. Additionally, service may be effected only by "[a]ny person who is at least 18 years old and *not a party*." Fed. R. Civ. P. 4(c)(2)(emphasis added).

Rule 4(m), in turn, prescribes a 120-day period after the filing of the complaint during which a plaintiff must effect service. FED.R.CIV.P. 4(m). Rule 4(m), however, also states that a court must extend the time for service if the plaintiff shows good cause for failure to effect service. *See also* FED. R. CIV.P. 4(m) advisory committee's note (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause*

4

*shown*")(emphasis added). Courts have authorized extensions of time where a *pro se* plaintiff has made a reasonable effort to effect service. *See, e.g., Hammad v. Tate Access Floors, Inc.*, 31 F.Supp.2d 524, 528 (D.Md. 1999).

**B. Analysis**

In this case, the record shows that Plaintiff failed, again, to submit a proper summons to the Clerk of Court. The summons submitted to the court, again, did not name a defendant that is a party to this action. The summons eventually mailed to Michael J. Leith was not issued, or signed, by the Clerk of Court.

Plaintiff's attempts to effect service also have been ineffectual, although they are getting closer to the mark. Despite Plaintiff's arguments to the contrary, this court is bound to follow Rule 4(c)(2) of the Federal Rules of Civil Procedure, and accordingly, Plaintiff cannot personally mail the summons and amended complaint to Defendant's authorized agent for service. *See, e.g., Clark v. Goodwill Indus. of Hawaii, Inc.*, CV No. 09-00184 DAE-LEK, 2009 WL 3050277 at *4 (D.Waw. Sept. 21, 2009)("Plaintiff's service was flawed, however, in that it was Plaintiff himself how mailed the documents to counsel. Rule 4 requires that the server of process be a person not a party to the case."); *Walker v. Pharm. Research & Mfrs. of America*, 569 F.Supp.2d 209, 214-15 (D.D.C. 2008)("The returns, all filed on October 9, 2006, state that the plaintiff herself sent the summons and complaint by certified mail. . . . This is in direct contravention of Federal Rule of Civil Procedure 4(c)(2), which states: "Any person who is at least 18 years old *and not a party* may serve a summons and complaint.").

As this court already has noted in its earlier order, the court is mindful that *pro se* plaintiffs are entitled to more latitude than litigants represented by counsel to correct defects in

5

service of process. *See, e.g., Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). This court attempted to provide such latitude to Plaintiff by providing an extension of time and directing Plaintiff to specifically comply with Rule 4 of the Federal Rules of Procedure. Despite the court's best efforts, Plaintiff has not yet complied with the requirements of service of a properly-issued summons. The court still is of the opinion, however, that Plaintiff demonstrated reasonable efforts to serve the Defendant in this action, despite Plaintiff's apparent misapprehension of the Rules of Federal Procedure.[1] Consequently, for good cause shown, or, alternatively, in this court's discretion, the court ORDERS that time for effecting service of process be extended **until September 7, 2010.** The Clerk of Court is DIRECTED to mail a blank copy of summons to Plaintiff, to be prepared and properly addressed to the named Defendant by Plaintiff. Plaintiff is *strongly* advised to consult Rule 4 of the Federal Rules of Civil Procedure for the requirements of properly completing summonses and for service of process. Plaintiff also is advised that the failure to effect proper service by September 7, 2010 may result in the dismissal of this action.

### III. CONCLUSION

For the foregoing reasons, the Renewed Motion to Dismiss [DE-18] is DENIED. Furthermore, the court ORDERS that time for effecting service of process be extended **until September 7, 2010.** The Clerk of Court is DIRECTED to mail a blank copy of summons to Plaintiff, to be prepared and properly addressed to the named Defendant by Plaintiff.

---

[1] The court specifically distinguishes this case from its decision in *Brissett v. Freemont Inv. & Loan Corp.*, No. 4:08-CV-77-F, 2010 WL 686547 at *2 (E.D.N.C. Feb. 24, 2010)(noting that the plaintiffs, on their second lawsuit, still failed to submit *any* summonses for *any* defendants).

SO ORDERED. This the 16th day of August, 2010.

/s/ James C. Fox
JAMES C. FOX
Senior United States District Judge