UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-33-F

| | | |
|---|---|---|
| KHALID K. KHAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHRIS LEITH CHEVROLET, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Chris Leith Chevrolet's Second Renewed Motion to Dismiss [DE-29] and Motion to Dismiss Plaintiff's Third Complaint [DE-41]. The motions are ripe for ruling.

## I. STATEMENT OF THE CASE

The *pro se* Plaintiff initiated this action by filing an Application to Proceed in District Court Without Prepaying Fees [DE-1] on January 27, 2010. The office of the Clerk of Court noted that Plaintiff submitted an obsolete summons form and addressed the summons to Mr. Howard Tucker, who is not listed as a defendant in this case.

The application to proceed without prepayment of fees was denied by the Order [DE-4] of United States Magistrate Judge William A. Webb on February 2, 2010, and Plaintiff paid the filing fee on February 9, 2010. It appears that the original Complaint was not filed immediately upon the payment of the filing fee because the Clerk of Court determined that an attachment thereto was not in compliance with the E-Government Act. *See* March 9, 2010 Notice of Deficiency. Rather than filing the entire Complaint under seal, or filing the Complaint in the public record with the attachment under seal, the Clerk of Court elected to wait to file the

Complaint until Plaintiff provided a redacted attachment. The Clerk of Court mailed Plaintiff the Notice of Deficiency on March 9, 2010, and on March 12, 2010, Plaintiff filed an Amended Complaint [DE-5] that included a redacted attachment. The Clerk of Court issued summons to Plaintiff on March 12, 2010, despite Plaintiff addressing the summons to Mr. Howard Tucker. On March 16, 2010, Plaintiff filed a document [DE-7] stating that he had received a report from the Equal Employment Opportunity Commission.

Defendant moved to dismiss Plaintiff's claim on April 7, 2010, arguing, *inter alia*, that Plaintiff's attempted service of process failed to comply with Federal Rule of Civil Procedure 4. In an order filed on May 6, 2010 [DE-15], the court denied Defendant's Motion to Dismiss, and ordered that the time for effecting service of process be extended to July 1, 2010. Specifically, the court noted in the order that Plaintiff failed to submit a proper summons to the Clerk of Court in that he failed to name the defendant in the summons. The court also observed that Plaintiff's attempts to effect service upon Defendant had been ineffectual, in that Plaintiff did not serve a registered agent of Defendant or a person authorized to accept service upon Defendant, and he had violated Rule 4(c)'s requirement that the person effecting service not be a party to the action. The court directed the Clerk of Court to mail a blank Summons form to Plaintiff.

On May 17, 2010, the Clerk of Court issued a Summons completed by Plaintiff, and addressed to "Kevin J. Delton [sic]," "Attorney for Defendant," at the defense counsel's office address. Plaintiff also filed a Certificate of Service regarding the Summons and the Amended Complaint stating the documents were sent to "Kevin J. Delton [sic]." *See* Certificate of Service [DE-17].

On July 9, 2010, Defendant filed a Renewed Motion to Dismiss, arguing that Plaintiff's attempted service of process was deficient. Specifically, Defendant argued: (1) Plaintiff failed to address the summons to a named defendant; (2) Plaintiff did not serve a proper agent of Defendant, and (3) Plaintiff cannot mail the summons/complaint himself. On July 29, 2010, Plaintiff filed a response, stating that he served process on the President and Registered Agent of the Defendant, Michael J. Leith, via United States Certified Mail, Return Receipt Requested on July 27, 2010, twenty-six days past the court's deadline. Defendant filed a Reply, noting that the Summons served on Michael J. Leith was not issued or signed by the Clerk of Court.

In an order filed on August 18, 2010 [DE-24], the court denied the Renewed Motion to Dismiss, and ordered that the time for effecting service be extended until September 7, 2010. The court also directed the Clerk of Court to mail a blank copy of the summons to Plaintiff. The court strongly advised Plaintiff to consult Rule 4 of the Federal Rules of Civil Procedure for the requirements of properly completing summonses and for service of process. The court also advised Plaintiff that the failure to effect proper service by September 7, 2010, may result in the dismissal of this action.

On September 23, 2010, Defendant filed its Second Renewed Motion to Dismiss [DE-29], explaining that its registered agent received an envelope from Plaintiff on September 2, 2010, containing a summons and a one-page affidavit of service. Defendant argues the action must be dismissed because (1) Plaintiff mailed the summons himself, and (2) Plaintiff failed to mail a copy of the Amended Complaint.

Plaintiff, in his response [DE-35], contends the Second Renewed Motion to Dismiss should be denied because (1) he never received a copy of the motion; (2) it does not matter

3

whether he was the person to place the materials in the mail.[1] He does not refute that he did not include a copy of the Amended Complaint when he attempted service on Defendant. Defendant, in its reply, asserts it sent a copy of its Second Renewed Motion to Dismiss to the address on file for Plaintiff.

After the Second Renewed Motion to Dismiss was submitted to the undersigned, Plaintiff filed a document that states the following:

> I hereby certify that on October 25th 2010 I served a process server via Wake County Sheriff, served as amended Complaint, and Summon to Christ Leith Automotive, Inc DBA Christ Leith Chevrolet C/O Michael J. Leith, President and Registered Agent 56001 Capital Blvd Raleigh, NC 27616.

October 25, 2010 Filing [DE-37]. Attached to the document is a receipt from the Wake County Sheriff's Office.

Since the Second Renewed Motion to Dismiss has been submitted to the undersigned, Defendant filed its Motion to Dismiss Plaintiff's Third Complaint [DE-41]. In the motion, Defendant asserts the Wake County Sheriff's Office served a summons and a five-page document labeled "Complaint" on it on November 22, 2010. Defendant asserts the "Complaint" served on it, however, is a different document from the Amended Complaint filed with the court. Defendant asserts it has never been served with a copy of the Amended Complaint that is on record.

## II. ANALYSIS

In the previous orders in this case, the court has reviewed the applicable standard of review for motions to dismiss for insufficient process and insufficient service of process. A

---

[1] Plaintiff's original response [DE-34] addressed an "exhaustion of remedies" argument that was not raised by Defendant in the motion to dismiss.

plaintiff bears the burden of showing that the service of process, and the process itself, complies with the requirements set forth in Rule 4 of the Federal Rules of Civil Procedure. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). The Fourth Circuit has counseled that

> [w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Rule 4(b) provides that a plaintiff must present a properly completed summons for each defendant in an action to the clerk, who will then sign, seal, and issue the summonses to plaintiff for service upon each defendant. Rule 4(a) sets forth the requirements for a properly completed summons and specifies that it must be directed to a defendant.

With regard to service of process, Rules 4(e) and (h) of the Federal Rules of Civil Procedure provide that service on a corporation may be made pursuant to the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." North Carolina Rule of Civil Procedure 4(j)(6)(c), in turn, allows for service on a corporation "[b]y mailing a copy of the summons and of the complaint registered or certified mail, return receipt requested, addressed to the officer, director or [authorized] agent." The name and address of the registered agent for a specific corporation are typically on file with a state's Secretary of State.

5

Additionally, service may be effected only by "[a]ny person who is at least 18 years old and *not a party*." Fed. R. Civ. P. 4(c)(2)(emphasis added).

Rule 4(m), in turn, prescribes a 120-day period after the filing of the complaint during which a plaintiff must effect service. FED.R.CIV.P. 4(m). Rule 4(m), however, also states that a court must extend the time for service if the plaintiff shows good cause for failure to effect service. *See also* FED. R. CIV.P. 4(m) advisory committee's note (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown*")(emphasis added)

**B. Analysis**

In this case, the record shows that Plaintiff has failed, again, to effect proper service on Defendant.

First, even if the court were to accept Plaintiff's argument that he may personally mail the Summons and Amended Complaint, it is undisputed that he failed to include a copy of the Amended Complaint in his September 2, 2010, attempt to effect service. *See* Fed. R. Civ. P. 4(c)(1)(providing that a summons and a complaint must be served). Thus, the September 2, 2010, service is ineffective.

Second, although Plaintiff filed a document on October 25, 2010, indicating he had engaged the Wake County Sheriff to effect service, it took almost two months for Plaintiff to file proof of attempted service on Defendant. That proof was only filed in response to Defendant's latest motion to dismiss. The evidence before the court is that although the Wake County

Sheriff's Department served Defendant with the summons, the complaint that was served on the Defendant has never been filed in this court. Indeed, the record shows Defendant has never been served with the Amended Complaint.

Plaintiff has had three opportunities to effect proper service on Defendant, and each time he has come up short. The court is not inclined to offer him a fourth opportunity. Although *pro se* litigants sometimes are entitled to leniency, the Supreme Court has stated, "[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Consequently, the Second Renewed Motion to Dismiss, and the Motion to Dismiss Plaintiff's Third Complaint [DE-41] are ALLOWED.[2]

---

[2] In so ruling, the court rejects Plaintiff's argument that the Second Renewed Motion to Dismiss must be denied because he did not receive the motion in the mail. He asserts that Defendant therefore failed to follow Rule 5 of the Federal Rules of Civil Procedure. The court notes that the issue is not whether Plaintiff actually received the Motion, but instead whether the Motion was properly mailed. *See United States v. Wright*, No. 00-4030, 2000 WL 1846340, at *2 (4th Cir. Dec. 18, 2000)(per curiam)(explaining that "[b]ecause service is complete upon mailing, non-receipt of the information does not effect the validity of service" and therefore "the central issue in determining whether the information was served is whether the information was placed in the mail and not whether" the party received the information). The burden of showing that service was made is on serving party. *Rivera v. M/T Fossarina*, 840 F.2d 152, 155 (1st Cir. 1988). A valid certificate of service creates a presumption that a document actually was mailed. *Wright*, 2000 WL 1846340 at * 3. Here, a valid certificate of service was filed by Defendant. *See* Second Renewed Motion to Dismiss [DE-29] at p. 4. Plaintiff's statement that he did not receive the Motion does not, in and of itself, rebut this presumption. *Wright*, 2000 WL 1846340 at *4 ("If we accept counsel's mere denial of receipt as conclusive evidence that the information was not mailed, we would implicitly rewrite Rule 5 to require receipt to validate service.").

## III. CONCLUSION

For the foregoing reasons, the Second Renewed Motion to Dismiss [DE-29] and the Motion to Dismiss Plaintiff's Third Complaint [DE-41] are ALLOWED.. The Motion to The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 30th day of December, 2010.

                                                                         */s/ James C. Fox*
JAMES C. FOX
Senior United States District Judge